# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-592-RJC

| | |
|---|---|
| GEORGE CHESTNUT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SUSAN WHITE, ) | |
| Administrator, Mountain ) | |
| View Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Respondent's Motion for Summary Judgment on the claims presented by Petitioner in his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's Motion will granted and Petitioner's Section 2254 petition will be denied and dismissed.

## I.     BACKGROUND

Petitioner is presently a prisoner of the State of North Carolina who was sentenced in Mecklenburg County Superior Court in 2010 following his entry of guilty pleas to two counts of felony breaking and entering, two counts of larceny after breaking or entering, two counts of credit card theft, and one count of obtaining property by false pretenses. As part of the plea agreement, Petitioner admitted that he had attained the status of habitual felon and the State and Petitioner agreed that the convictions could be consolidated for sentencing. On June 10, 2011, Petitioner appeared with counsel before the superior court and was sentenced to a term of 67-90 months' imprisonment. (Doc. No. 5-2: Transcript of Plea; Doc. No. 5-3: Judgment and

1

Commitment). Petitioner did not appeal.

On May 3, 2012, Petitioner prepared a pro se motion for appropriate relief (MAR) which was filed in the Mecklenburg County Superior Court and was summarily denied. (Doc. Nos. 5-4 and 5-5). On June 13, 2012, the North Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari. (Doc. No. 5-8). The present federal habeas petition was docketed in this Court on September 11, 2012, and the Respondent has filed a motion for summary judgment, and Petitioner has filed a response and a pro se motion for summary judgment. Petitioner's arguments will be addressed in turn herein.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254, which provide, in relevant part, that an application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree. . ." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 n.2 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

### III. DISCUSSION

    A.    <u>Ground for Relief (1): Ineffective Assistance of Counsel</u>

Petitioner contends that his trial counsel was ineffective in failing to offer evidence regarding mitigating factors to the court prior to his sentencing. Petitioner argues that had his counsel done so, he may have received a more lenient sentence. (Doc. No. 1 at 5). This claim was raised by Petitioner in his MAR and the state court adjudicated it on the merits when it summarily denied the claim finding that: "Defendant pleaded pursuant to a plea arrangement. Sentence is in accord with the plea arraignment. No other basis for relief." (Doc. No. 5-5: Order on MAR).

In addition to addressing the potential merits of Petitioner's claims, Respondent pleads the one-year statute of limitation in an effort to have Petitioner's § 2254 denied and dismissed. See 28 U.S.C. § 2254(d)(1)(A) ("the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."); or Section 2254(d)(1)(D) (one year time runs from the date the petitioner learns of facts which could support relief).

On June 10, 2011, Petitioner's state judgment was entered and he notes that based on his plea agreement he was foreclosed from pursuing a direct appeal. Thus, Petitioner's one-year limitation period began to run on June 10, and was tolled at 328 days on May 3, 2012 when his MAR was filed in superior court, and remained tolled until the North Carolina Court of Appeals denied his petition for certiorari on June 13, 2012. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000) (generally excluding time between denial of a MAR and application for review to the court of appeals). The one-year limitation resumed at 328 days on June 13, 2012 following the court of appeals denial, and fully expired on July 20, 2012. Petitioner's § 2254 petition was dated September 8, 2012, although Petitioner fails to include this date in his averment that he

placed the petition in the custody of the prison mailing system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (noting prison mail box rule). Nevertheless, even assuming that he did so on September 8, his petition would still be 50 days out of time.

Petitioner moves the Court to find that his § 2254 petition is timely under § 2254(d)(1)(B) ("the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such States action . . ."). Petitioner therefore clearly concedes that his first ground for relief is time-barred. (Doc. No. 1 at 14). However, Petitioner explains that after the court of appeals denied his petition for certiorari, he contacted North Carolina Prisoner Legal Services for assistance with his case and he was assigned an attorney and that it was the attorney's delay in pursuing relief that contributed to his untimely filing. Petitioner acknowledges that he has no absolute right to counsel in this federal habeas proceeding therefore this argument can provide no just reason to excuse his failure to present his first claim for relief within the one-year time limitation. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); 18 U.S.C. § 6006A(a)(2)(B) (providing that the court may appoint counsel in a habeas proceeding if it finds "that the interest of justice so require."). Moreover, Petitioner presented this claim for relief in his pro se MAR before the one year had expired thus he has was clearly aware of this claim and could have presented it in a timely manner with or without assistance of counsel. Accordingly, Petitioner has failed to state a proper case for equitable tolling.[1] Based on the foregoing, the Court finds that Petitioner has failed to offer any compelling reason why his first ground for relief should not be dismissed and Respondent's motion will therefore be granted

---

[1] See Holland v. Florida, 560 U.S. 631, 649 (2010) (providing for equitable tolling of the statute of limitation if the petitioner can demonstrate that he has diligently pursued his rights, and that an extraordinary circumstance prevented timely filing) (internal citation omitted).

B.  Ground for Relief (2)

Here, Petitioner contends that he is entitled to federal habeas relief based on a violation of his right to equal protection of the laws as provided for in the Fourteenth Amendment. Petitioner argues that a change in the law which was enacted after his conviction became final would have subjected him to a more lenient sentence. (Doc. No. 1 at 6). Petitioner points to a change to North Carolina's habitual felon law that was enacted in the December 2011 session by the General Assembly and contends that it should apply retroactively to provide sentencing relief.

As Respondent notes, Petitioner's second claim is subject to a different timeline. See Pace Diguglielmo, 544 U.S. 408, 416 n.6 (2005) (providing that the one year time limitation applies on a claim-by-claim basis under the provisions of § 2244(d)(1)(B); § 2244(d)(1)(C); and § 2244(d)(1)(D). Respondent contends that Petitioner's second claim is nevertheless untimely because Petitioner could have known about the amendments to the habitual felon law in December 2011, and his § 2254 petition, although dated September 8, 2012, contains no verification that it was delivered to prison authorities on that date for mailing. (Doc. No. 10). In the alternative, Respondent asserts that even if the § 2254 petition was properly delivered to prison authorities on September 8, 2012, this second ground for relief is meritless because Petitioner, in seeking the benefit of the retroactive application of the change in North Carolina's habitual felon law, would create a "new rule" of constitutional law which is prohibited on federal habeas review. (Doc. No. 5 at 6).

In Teague v. Lane, 489 U.S. 288 (1989), the Supreme Court made clear that new rules of constitutional law do not apply retroactively to cases on collateral review unless one of two exceptions can be met. Id. at 310-11 (The "costs imposed upon the State[s] by retroactive

application of new rules of constitutional law on habeas corpus . . . generally far outweigh the benefits of this application.") (quoting Solem v. Stumes, 465 U.S. 638, 653 (1984)). The first exception to this rule is if the new rule placed "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority . . ." Id. (quoting Mackey v. United States, 401 U.S. 667, 692 (1971). The second exception applies to "watershed rules of criminal procedure." Id. at 311. Neither of those exceptions can provide the Petitioner with a claim for relief as the change to North Carolina's habitual felon law did not change the criminality of attaining the status of habitual felon rather it modified sentencing related to that status nor did it create a watershed rule. Accordingly, Petitioner's second claim for relief will be denied as barred by Teague.

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 4).
2. Petitioner's cross-motion for summary judgment is **DENIED**. (Doc. No. 10).
3. Petitioner's petition for habeas corpus will be **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when

relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Robert J. Conrad, Jr.
United States District Judge